**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIGNEO USA, LLC, a Florida Limited Liability Company, SIGNEO LIMITED, a Cayman Islands Company, and SIGNEO INTERNATIONAL LTD., a Hong Kong Limited Liability Company,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>SOL REPUBLIC, INC., a Delaware corporation,<br><br>　　　　　　　　　Defendant. | Case No.: 11-6370-PSG<br><br>**ORDER GRANTING-IN-PART MOTION FOR EXPEDITED DISCOVERY**<br><br>**(Re: Docket No. 17)** |

In this trademark infringement case, Plaintiffs Signeo USA, LLC, Signeo Ltd., and Signeo International Ltd. ("Signeo") have moved for a preliminary injunction against Defendant and Counterclaimant SOL Republic, Inc. ("SOL Republic"). On February 28, 2012, the parties appeared for a hearing on Signeo's preliminary injunction motion, which the court has taken under submission. One week before the February 28 hearing, Signeo filed an application for expedited discovery, seeking limited discovery related to certain individuals whose statements or declarations were submitted by SOL Republic in support of its opposition to the preliminary injunction motion. On February 23, 2012, SOL Republic filed an opposition to Signeo's application for discovery. The court heard oral argument on the issue of expedited discovery at the February 28 motion hearing.

1

Case No.: 11-6370 PSG
ORDER GRANTING LIMITED, EXPEDITED DISCOVERY

Having given careful consideration to the arguments presented and to the implications that the requested discovery may have for the pending motion, the court finds that limited, expedited discovery of a reciprocal nature is appropriate to facilitate the proper resolution of Signeo's motion for preliminary injunction.[1]

Accordingly, discovery related to the motion for preliminary injunction is to proceed as follows:

1. Each side is allowed up to five (5) depositions. These may be of the opposing party or pursuant to a subpoena under Fed. R. Civ. P. 30(b)(6) or Fed. R. Civ. P. 45.
2. The deposition topics shall be limited to those raised in the parties' written briefing on expedited discovery, including actual confusion between the marks and SOL Republic's affirmative defenses and counterclaims.
3. Each side is allowed to serve no more than 10 document requests and 10 written interrogatories, which shall apply toward the presumptive limits on discovery under the federal rules, or any limits that may be ordered in the court's scheduling order.
4. The parties have six weeks to complete preliminary injunction discovery under this order.
5. The parties may submit supplemental briefs not to exceed ten (10) pages, to be filed no later than April 24, 2012. Responsive briefing, not to exceed five (5) pages, may be filed no later than May 1, 2012. The parties shall appear for a hearing at 10:00 a.m. on May 8, 2012.

**IT IS SO ORDERED.**

Dated: 3/6/2012

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[1] Although Fed. R. Civ. P. 26(d) provides that a "party may not seek discovery from any source" prior to the conference required by Rule 26(f), courts in the Ninth Circuit generally apply a "good cause" standard to determine whether expedited discovery is appropriate under the circumstances. *See, e.g.*, *Apple Inc. v. Samsung Elec. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").